**LMH**
(KB)

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Scott Mitchell Compton,                )      No. CV 05-791-PHX-MHM (DKD)
                                        )
            Plaintiff,                  )      **ORDER**
                                        )
vs.                                     )
                                        )
                                        )
Joseph Arpaio, et al.,                  )
                                        )
            Defendants.                 )
                                        )
_____        )

        Plaintiff, who is a state prisoner but was formerly a county jail inmate at the Towers
Jail in Phoenix, Arizona, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. This action
is one of more than eight hundred lawsuits filed in this district since September 2004 alleging
that the overcrowded conditions in the Maricopa County jail system have resulted in a variety
of constitutional violations. The Court will require an answer to the Complaint.

**A.      Application to Proceed *In Forma Pauperis* & Filing Fee**

        Plaintiff's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a).
Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of
$250.00 for this action. No initial partial filing fee will be assessed by this Order. 28 U.S.C.
§ 1915(b)(1). Plaintiff will be obligated for monthly payments of 20 percent of the preceding
month's income credited to Plaintiff's trust account. The Court will direct the appropriate
agency to collect these monthly payments, which will be forwarded to the Clerk of Court

**TERMPSREF**

1  each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full.

2  28 U.S.C. § 1915(b)(2).

3      Plaintiff should take notice that if he is released before the filing fee is paid in full, he

4  must pay the remaining unpaid amount of the filing fee within 120 days of the date of his

5  release.  If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of

6  his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why

7  he is unable to pay the remainder of the filing fee.

8  **B.    Statutory Screening of Prisoner Complaints**

9      The Court is required to screen complaints brought by prisoners seeking relief against

10  a governmental entity or officer or employee of a governmental entity.   28 U.S.C.

11  § 1915A(a).  The Court must dismiss a complaint or portion thereof if the Plaintiff has raised

12  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

13  may be granted, or that seek monetary relief from a defendant who is immune from such

14  relief.  28 U.S.C. § 1915A(b)(1), (2).

15  **C.    Claims and/or Parties to be Served and/or Dismissed**

16      *1.   Service*

17      In his Complaint Plaintiff alleges that the jail is severely overcrowded, he receives

18  insufficient and frequently spoiled food, and that the living conditions are unsanitary.  He

19  alleges to the food has caused him to suffer nausea, indigestion and vomiting.  He also

20  alleges that the overcrowding causes anxiety and fear for his safety, and that he has suffered

21  rashes, hives, and infections from the lack of cleanliness.  He claims these injuries are a result

22  of policies of the Maricopa County Sheriff.  For relief, he requests the maximum amount of

23  damages allowed by law.  These allegations adequately state a claim, and the Court will

24  require an answer to the Complaint.

25      *2.   Dismissal*

26      Plaintiff has sued the Maricopa County Sheriff's Office.  The Maricopa County

27  Sheriff's Office is not a proper Defendant.  In Arizona, the responsibility of operating jails

28  and caring for prisoners is placed by law upon the sheriff.  See A.R.S. § 11-441(A)(5);

1  A.R.S. § 31-101. A sheriff's office is simply an administrative creation of the county sheriff

2  to allow him to carry out his statutory duties, and not a "person" amenable to suit pursuant

3  to § 1983.  Accordingly, the Maricopa County Sheriff's Office will be dismissed from this

4  action as an improper Defendant.

5  **D.     Motion for Status Report**

6          Plaintiff has requested information regarding the status of his action.  In light of the

7  Court's Order, this motion will be denied as moot.

8  **E.     Rule 41 Cautionary Notice**

9          Plaintiff should take notice that if he fails to timely comply with every provision of

10 this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule

11 41(b) of the Federal Rules of Civil Procedure.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-

12 61 (9th Cir.) (district court may dismiss action for failure to comply with any order of the

13 Court), cert. denied, 506 U.S. 915 (1992).

14

15 **IT IS THEREFORE ORDERED:**

16        (1)  That Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. #4) is **granted**.

17 Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.  Plaintiff is

18 assessed no initial partial filing fee;

19        (2)   That Plaintiff's Motion for Status Report (Dkt. #7) is **denied** as moot;

20        (3)  That the Director of the Arizona Department of Corrections or her designee shall

21 collect the filing fee from Plaintiff's trust account by collecting monthly payments in an

22 amount equal to 20 percent of the preceding month's income credited to Plaintiff's trust

23 account and forwarding the payments to the Clerk of the Court each time the amount in the

24 account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2).  The payments shall be

25 clearly identified by the name and number assigned to this action;

26        (4)  That the Maricopa County Sheriff's Office is dismissed without prejudice;

27

28

(5)   That the Clerk of Court shall send Plaintiff a service packet including the Complaint, this Order, and both summons and request for waiver forms for Defendant Joseph Arpaio;

(6)   That Plaintiff shall complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order;

(7)   That if Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on each Defendant within 120 days of the filing of the complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i);

(8)   That the United States Marshal shall retain the Summons, a copy of the Complaint, and a copy of this Order for future use;

(9)   That the United States Marshal shall notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants shall include a copy of this Order.  The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received.  If a waiver of service of summons is not returned by a Defendant within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

(a) Personally serve copies of the Summons, Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

(b) Within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant.  The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new

process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court;

(10)  **That a Defendant who agrees to waive service of the Summons and Complaint shall return the signed waiver forms to the United States Marshal, not the Plaintiff;**

(11) That Defendants shall answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure;

(12)  That any answer or responsive pleading shall state the specific Defendant(s) by name on whose behalf it is filed.  The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant(s) by name on whose behalf it is filed;

(13)  That Plaintiff shall serve upon Defendants, or if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendants or counsel.  Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court may be disregarded by the Court;

(14)  That at all times during the pendency of this action, Plaintiff shall immediately advise the Court and the United States Marshal of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date. Plaintiff shall serve a copy of the notice on all opposing parties. The notice shall not include any motions for any other relief. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure;

1      (15)  That a clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned.  Failure to comply with this requirement may result in the pleading or document being stricken without further notice to Plaintiff; and

      (16)  That this matter is referred to Magistrate Judge David K. Duncan pursuant to Local Rules of Civil Procedure 72.1 and 72.2 for further proceedings.

      DATED this 29th day of September, 2005.

Mary H. Murguia
United States District Judge